**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **JENNIFER RODERICK** ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | **Civil Action No.** |
| ) | |
| ) | |
| **J.A. CAMBECE LAW, P.C.,** ) | |
| **JOHN DOES, and JANE DOES** ) | |
|     Defendants, ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## *I.     INTRODUCTION*

1. This is an action for actual and statutory damages brought by plaintiff Jennifer Roderick, an individual consumer, against Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and also out of the invasions of Plaintiff's personal privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

## II.     JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Because Defendant transacts business here, personal jurisdiction is established.

## III.    PARTIES

4.  Plaintiff, Jennifer Roderick is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Essex County, in the state of Massachusetts.

5.  Defendant, J.A. Cambece Law, P.C. is a debt collection law firm engaged in the business of collecting debt in this state with its principal place of business located at 200 Cummings Center, Suite 173D, Beverly, Massachusetts 01915.

6.  Defendant John Does 1-10 (hereinafter "Defendant John Does") are natural person(s) who were employed by Defendant as collection agents, whose identities are currently

unknown to Plaintiff. Defendant John Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Defendant Jane Does 1-10 (hereinafter "Defendant Jane Does") are natural person(s) who was employed by Defendant as collection agents, whose identities are currently unknown to Plaintiff. Defendant Jane Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. Plaintiff Jennifer Roderick is informed and believes, and thereon alleged, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts. Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9. At all relevant times, Defendant acted through it duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. FACTUAL ALLEGATIONS

10. Sometime before 2012, Plaintiff, Jennifer Roderick, incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

11. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Jennifer.

12. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

13. Defendant then within one year prior to the filing of this complaint, began contacting Jennifer and placing collection calls to Jennifer prior to May 16, 2012; seeking and demanding payment for an alleged consumer debt owed under an account number.

14. Upon information and belief, within one year prior to the filing of this complaint, Defendant continued to call Jennifer while she was working, without her consent, after it was given reason to know this inconvenienced her and/or was prohibited.

15. Defendants, during communications with Jennifer, within one year prior to the filing of this complaint, did not state that Defendants were debt collectors, attempting to communicate a debt, and that any information would be used for that purpose.

16. Defendants, within one year prior to the filing of this complaint, continued to call Jennifer within minutes of having just called her, knowing this would annoy and/or harass Jennifer.

17. Upon information and belief, Defendants mislead Jennifer, by demanding payment from Jennifer in communications that were within the first thirty days from the first initial communication with Jennifer without also stating that Jennifer still had an opportunity to dispute and/or seek validation for the alleged debt; overshadowing Jennifer's rights to dispute and/or seek validation for the alleged debt.

### *SUMMARY*

18. All of the above-described collection communications made to Plaintiff Jennifer Roderick by each individual Defendant and other collection employees employed by Defendant J. A. Cambece Law, P.C. were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

19. The above-detailed conduct by these Defendants of harassing Jennifer in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Jennifer's privacy.

20. As a result of the acts alleged above, Defendant caused Jennifer to become very upset because of the aggressive manner in which this debt was collected by these Defendants.

21. Jennifer suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, humiliation, upset, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

22. Defendants repeated unlawful attempts to collect this alleged debt from Jennifer, was an invasion of Jennifer's privacy and her right to be left alone.

23. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Jennifer.

## *RESPONDEAT SUPERIOR LIABILITY*

24. The acts or omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant J.A. Cambece Law, P.C. who communicated with Plaintiff Jennifer Roderick as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant J.A. Cambece Law, P.C.

25. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant J.A. Cambece Law, P.C. in collecting consumer debts.

26. By committing these acts and omissions against Jennifer, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant J.A. Cambece Law, P.C.

27. Defendant J.A. Cambece Law, P.C. is therefore liable to Jennifer through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt by communicating with Jennifer.

## V. <u>CAUSES OF ACTION</u>

### *COUNT I*

### *VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT*

### *15 U.S.C. § 1692 et seq.*

28. Plaintiff Jennifer Roderick repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to Plaintiff:

> (a) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

> (b) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

> (c) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely

representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

(d) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the oral communications with Plaintiff that the communications were from a debt collector, and that the debt collector was attempting to collect a debt, and that any information obtained would be used for that purpose, when said communications were not formal pleadings; and

(e) Defendant violated *§1692a(3)* by calling Plaintiff's place of employment with knowledge or the reason to know that the consumer's employer prohibits the consumer from receiving such communication, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction.

30. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff Jennifer Roderick for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## COUNT II.

## *INVASION OF PRIVACY BY INTRUSION UPON SECLUSION*

31. Plaintiff Jennifer Roderick repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

33. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that <u>each financial institution has an affirmative and continuing obligation to respect the privacy of its customers</u> and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

34. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Jennifer, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Jennifer's privacy.

35. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Jennifer, namely, by repeatedly and unlawfully contacting her at her workplace without her consent after they were already given reason to know this would inconvenience her and/or was prohibited, and thereby invaded Jennifer's right to privacy.

36. Defendants and their agents intentionally and/or negligently caused emotional harm to Jennifer by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Jennifer's right to privacy.

37. Jennifer had a reasonable expectation of privacy in Jennifer's solitude, seclusion, private concerns and affairs.

38. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Jennifer, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

39. Defendants' acts as described above were done intentionally with the purpose of coercing Jennifer to pay the alleged debt.

40. As a result of such intrusions and invasions of privacy, Defendants are liable to Jennifer for actual damages in an amount to be determined at trial from each and every Defendant.

## VI.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jennifer Roderick respectfully requests that judgment be entered against each Defendant for the following:

A. Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, and from each Defendant for intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from each Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

D. For such other and further relief as the Court may deem just and proper.

Dated:  May 22, 2012                         RESPECTFULLY SUBMITTED,
                                                                By: /s/ Kevin Crick
                                                                Kevin Crick
                                                                BBO:  680950
                                                                Consumer Rights Law Firm, PLLC
                                                                2 Dundee Park, Suite 201
                                                                Andover, Massachusetts 01810
                                                                Phone: (978) 212-3300
                                                                Fax: (888) 712-4458
                                                                kevinc@consumerlawfirmcenter.com
                                                                **Attorney for Plaintiff**

*DEMAND FOR JURY TRIAL*
Please take notice that plaintiff Jennifer Roderick demands trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.